## HALE v KOHLER

Ohio Appeals, 2nd Dist, Franklin Co

No 3319.  Decided Feb 25, 1941

C. C. Crabbe, Columbus, and Garek & Sillman, Columbus, for plaintiff-appellant.

Chester, Keyser & Stouffer, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Municipal Court of the City of Columbus. entered upon a verdict returned by the jury upon direction upon motion of the defendant after both parties had introduced their evidence and rested their case. The ground of the motion was that the plaintiff was contributarily negligent as a matter of law. We will not follow the order of presentation of errors as found in the briefs.

The determinative question is, was there an issue of fact whether or not the defendant was negligent and if so, whether or not the plaintiff was chargeable with contributory negligence. If an issue of fact was raised on both of these questions upon the record, then the court erred to the prejudice of the plaintiff.

We can not adopt the suggestion of the defendant that the judgment must be sustained if upon the weighing of the evidence it may be found to support a verdict and judgment for the defendant. This follows because the court did not weigh the evidence except in so far as it was necessary to determine whether or not it raised a factual issue as to which reasonable minds could not differ.

The record is determinative that the trial judge decided the question presented as one of law and upon motion of the defendant for a directed verdict.

We then consider the two questions presented: first, the negligence of defendant; and, secondly, the contributory negligence of the plaintiff.

It is our judgment that as to both of these questions there was an issue of fact.

It appears that plaintiff, a woman about seventy years of age, was employed by the defendant to clean a cottage owned by the defendant at Buckeye Lake. The plaintiff at other times and other seasons, had done like service for the defendant and was familiar with the physical conditions in and about the building. In front of the cottage was a long, screened porch, with considerable width. Ordinarily, there was placed as a part of the furnishings on the porch, a rug, at least 9 by 12 in size. and some heavy furniture. On the other occasions when the plaintiff had gone to the cottage to clean it at the beginning of a season or during the summer season, the rug and the furniture heretofore mentioned were placed upon the porch . However, when the defendant closed the cottage at the end of the season prior to the time that the plaintiff went out to clean it and was injured, the furniture had been taken into a room leading off the porch and the rug had been rolled up and placed just in front of the door leading to this room, all of which was known to the defendant. This rug made a roll of considerable size. There was also some furniture stored in the room. The shades had been drawn and when plaintiff opened the door to enter the room, she could only see objects indistinctly. She could tell by the outline that there was furniture stored just beyond the door, when it was opened. but she did not see, and possibly could not have seen, the rug which was lying upon the floor and in front of the full width of the entrance through the door. There was an electric light switch in the room, but it was at a place which could not be reached from the threshhold of the door. As the plaintiff stepped into the room, she tripped over the rug, struck her chin on a heavy piece of furniture and was injured.

It will be noted that the defendant was fully cognizant of the condition in the room where the plaintiff was called upon to work. Whether or ▉▉▉▉▉▉▉ not in this situation she failed to exercise due care when she did not apprise the plaintiff of the danger by reason of the rug, was one of fact. The defendant was under the obligation to provide the plaintiff with a reasonably safe place in in which to work, and upon this evidence it might be resolved against her upon the determinative question as to her negligence. There can be no doubt that if the defendant was negligent it was the proximate cause of plaintiff's fall and injury. **Bevan v The N.Y.C. & St. L. Rd. Co., 132 Oh St 245; 26 O. Jur. 188.**

The next question then relates to the contributory negligence of the plaintiff. This was the basis of defendant's motion for directed verdict, and no doubt the ground upon which the trial judge directed a verdict.

Upon this issue likewise, we believe that the court erred in charging the plaintiff with contributory negligence as a matter of law.

It should be observed that this is not the case where an invitee stepped through a door into a dark opening with no knowledge whatever of what was beyond, as in the cases of **Company v Strichmacher, 4 Oh Ap 467,** and Bianchi v Church, 124 A. L. R. 814, but was a place with which the plaintiff was fairly familiar. It can not be said as a matter of law that because she stepped into the door in semi-darkness and then and there tripped over a rug which had been rolled up, ▉▉▉▉▉▉▉ that she must have anticipated her danger. The basis of the above cited cases is that one can not deliberately incur an obvious risk, and this is the rationale of practically all of the cases cited by the defendant. The differentiation is found in **Chardon Lakes Inn Co. v MacBride, 56 Oh Ap 40,** and which we believe more nearly approaches the principles involved in this case than either Refining Co. v Strichmacher, supra, or **Central Publishing House v Flury, 25 Oh Ap 215.**

The court erred in sustaining the motion for directed verdict. If he had overruled the motion for directed verdict, taken the case upon the evidence and decided the factual issue presented in favor of the defendant, we would have an entirely different question and one that is not presented upon this record.

Judgment reversed and cause remanded.

GEIGER, PJ., concurs.
BARNES, J., dissents.